**UNITED STATES of America,
Plaintiff,**

v.

**George MORGAN, Defendant.**

**Crim. Nos. 7028–7031.**

United States District Court
S. D. California.

Nov. 20, 1969.

Harry D. Steward, U. S. Atty., San Diego, Cal., Charles J. Fanning, Asst. U. S. Atty., for plaintiff.

Frank Gregorcich, of Gregorcich, Anderson & Edlefsen, San Diego, Cal., for defendant.

## ORDER

RUSSELL E. SMITH, District Judge.

Defendant charged with a series of bank robberies moves to suppress certain evidence seized in his home after his arrest.

The evidence shows, and the Court finds, that the wife of defendant who was in possession of the home consented to the search. Defendant urges that the consent was predicated upon the existence of a valid search warrant; that the search warrant issued was in fact invalid and that hence the consent was a nullity and the search illegal.

The facts are: Shortly after the defendant was arrested agents of the F.B.I. went to his home. One of the agents told

the defendant's wife that he had been arrested and that the agents were waiting for a search warrant and that when it came they intended to search the home. Following this advice the wife consented to the search. An agent of the F.B.I. had in fact gone to the United States Commissioner and was in the process of securing the warrant. There was probable cause for a search and an affidavit was filed showing that probable cause. The warrant issued was defective in that as a result of a clerical error the name of the commissioner executing the warrant was inserted in the blank where the name of the officer to whom the warrant was directed should have been entered and the blank where the name of the person making the affidavit should have been inserted only the words "Special Agent" appear. The officers were engaged in the search when the F.B.I. agent with the warrant arrived.

All of the officers involved were trying to obey the law relative to searches. There was probable cause and it was shown to the commissioner by affidavit. He recognized that probable cause in issuing the warrant. There was no overreaching on the part of the searching officers. As of the time of entry the agents specifically told defendant's wife that they had no right to enter.[1] It is assumed (without deciding) that the warrant was so defective that a search pursuant to it would have been invalid, but since the search was consensual it was invalid only if it was unreasonable under the Fourth Amendment. Did the reference to the search warrant render an otherwise reasonable search unreasonable? No. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, does not compel a contrary conclusion. In Bumper permission to enter was given after the officers had stated

that they had a warrant. The court held that in such a situation the permission was not a consent but an acquiescence in a lawful order. The facts here do not warrant such a contention.

The rule excluding evidence taken in violation of the Fourth Amendment is prophylactic in character—pregnant with a concern that officers of the law should not violate it.[2] Just as formalisms should not be used to justify the use of evidence illegally taken, so formalisms should not be employed to suppress evidence in cases where the suppression would not serve the purpose underlying the rule of exclusion. Because the talk of the search warrant in this case did not transform the permission to enter from a voluntary consent to an act of obedience to authority and since no prophylactic purpose would be served by excluding the evidence taken in the search the motions to suppress are all denied.

---

1. The agent so testified and although the defendant's wife was present in the court room there was no contradiction.

2. "Yet, however felicitous their phrasing, these objections hardly answer the basic postulate of the exclusionary rule itself. The rule is calculated to prevent, not to repair. Its purpose is to deter—to compel respect for the constitutional guaranty in the only effectively available way—by removing the incentive to disregard it." Elkins v. United States, 364 U.S. 206, at 217, 80 S.Ct. 1437, at 1444, 4 L.Ed.2d 1669.